RICHARD W. SOTKA, II,

        Plaintiff,

        v.

Case No. 25-cv-1828-pp

TERESA CHAMBERLIN, MIKE JUDGE,
LISA ROWE, JANE KRUEGER SMITH,
BRENT DUBORD, GARRET BACTEN
and BRIAN THOMPSON,

        Defendants.

---

**ORDER SCREENING COMPLAINT (DKT. NO. 1), DENYING AS MOOT PLAINTIFF'S MOTION TO FILE BY MAIL AND TO APPOINT COUNSEL (DKT. NO. 3) AND DISMISSING CASE**

---

On November 19, 2025, the plaintiff—who is incarcerated at Green Bay Correctional Institution and is representing himself—filed a complaint against the defendants "for lost or stolen property, loss of business contracts, failure to fulfill contractual obligations, violation of Habeas Corpus and as a victim of fraud and defamation." Dkt. No. 1 at 2. He has paid the $405 filing fee. The plaintiff also filed a motion asking the court to allow him to file by mail and to appoint him an attorney. Dkt. No. 3.

The plaintiff's complaint does not state a claim for relief. The court will dismiss the case and deny as moot the plaintiff's motion to file by mail and to appoint counsel.

**I.      Screening the Complaint**

      A.     <u>Legal Standard</u>

The plaintiff has paid the statutory fee for filing this case. But "district courts have the power to screen complaints filed by all litigants, prisoners and

1

non-prisoners alike, regardless of fee status." <u>Rowe v. Shake</u>, 196 F.3d 778, 783 (7th Cir. 1999); <u>see also</u> <u>Rezny v. Wis. Dep't of Fin. Insts.</u>, Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022) (stating that courts are free to screen a complaint for a self-represented plaintiff who has paid the full filing fee under 28 U.S.C. §1915(e)(2)). The court will exercise that authority here.

At the screening stage, the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Id.</u>

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. <u>Id.</u> at 663–64.

2

B.     The Complaint

It is difficult for the court to determine how the plaintiff believes the defendants he has named—Teresa Chamberlin, Mike Judge, Lisa Rowe, Jane Krueger Smith, Bart Dubard, Garret Bacten and Brian Thompson—violated his rights, or violated the law. He explains that Teresa Chamberlin is his ex-fiancée, that Mike Judge is a judge in Oconto County, that Lisa Rowe is an assistant district attorney in Oconto County, that Kruger Smith and Dubard are lawyers in Oconto County, that Bacten is a sheriff's deputy in Oconto County and that Thompson is an "Oconto County Detective." Dkt. No. 1 at 4. He states that he is bringing this case "for lost or stolen property, loss of business contracts, failure to fulfill contractual obligations, violation of Habeas Corpus and as a victim of fraud and defamation." Id. at 2. The plaintiff then identifies several categories of damages ("agreements," "personal property," "services offered" and "business affected") that he alleges total $847,300. Id. at 3. The plaintiff states that his ex-fiancé Teresa Chamberlin and Oconto County Judge Mike Judge are "key actors," but he also identifies an assistant district attorney, two other attorneys, an Oconto County sheriff's deputy and an Oconto County detective as people who are "involved." Id. at 4.

The plaintiff identifies several "agreements" or contracts between himself and Chamberlin and identifies several vehicles titled in his and Chamberlin's names as well as various other property he alleges Chamberlin took from him. Id. at 4–6. The plaintiff identifies some other personal property and improvements made to a residence and their estimated value. Id. at 8.

The plaintiff alleges that on May 4, 2022, Judge Mike Judge ordered that the plaintiff was "banned from Oconto County, Wi." Id. at 9. He alleges that at the time he was "banned," he "had 5 open contracts in the total amount of

3

"$75,700" for his contractor business. Id. at 9. The plaintiff alleges RWS II Contracting "was owned solely" by him, and that Chamberlin as not a part of the business. Id.

Under "Jurisdiction," the plaintiff marked the box reflecting that he is suing for a violation of federal law. Id. at 10. For relief, the plaintiff requests that "any awarded monies be paid in full at time of judgment." Id.

C.       Analysis

Although it is not clear, it appears the plaintiff is alleging that Chamberlin took property from him or breached some contractual agreements between them and that Judge Mike Judge interfered with his business contracts by "banning" him from Oconto County. Other than those sparse, vague allegations, the complaint contains no factual allegations about what Chamberlin or Judge did. Although the plaintiff names five other individuals as being "involved" in the case, the complaint contains no allegations about what they did to the plaintiff. The complaint does not explain what the defendants allegedly did to the plaintiff, when or where they did it or what rights the plaintiff believes the defendants violated. The court cannot determine from the complaint whether the plaintiff has stated any legal claim.

There are several other problems with the plaintiff's complaint. Some of the defendants likely are immune from suit. The plaintiff is suing a judge; it appears he may be suing that judge for actions the judge took while performing his judicial duties. Judges have absolute immunity from suits for monetary damages based on judicial acts, "whether or not the judges erred in conducting the litigation." Myrick v. Greenwood, 856 F.3d 487, 488 (7th Cir. 2017). Similarly, though the complaint contains no factual allegations about Assistant District Attorney Lisa Rowe, so the court cannot tell whether he is suing Rowe

4

for actions undertaken in her capacity as a prosecutor, "[p]rosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." Archer v. Chisholm, 870 F.3d 603, 612 (7th Cir. 2017).

Most important, this federal court lacks jurisdiction to hear the plaintiff's case. Although the plaintiff states that he is bringing a claim for a violation of federal law, his claims appear to be based in state law. Claims like breach of contract, conversion, civil theft of property and interference with business relationships arise under *state* contract law or tort law. Federal courts are courts of limited jurisdiction and can consider and decide lawsuits alleging violations of state law only if the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000)—known as diversity jurisdiction—or unless the state-law claims relate to a federal claim. See 28 U.S.C. §1332.

The plaintiff alleges that both he and Chamberlin are citizens of Wisconsin. That means that at least one of the defendants is a resident of the same state as the plaintiff. Diversity jurisdiction requires "complete diversity," meaning that the plaintiff must live in a state different from the state of residence of every one of the defendants. Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005). Because there is not complete diversity between the plaintiff and the defendants, this federal court lacks diversity jurisdiction and must dismiss the case.

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.*

Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the court does not have jurisdiction over the plaintiff's dispute.

Because the court is dismissing this case, it will deny as moot the plaintiff's motion to file by mail and to appoint counsel.

## II. Conclusion

The court **ORDERS** that the case is **DISMISSED** for lack of jurisdiction. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file by mail and to appoint counsel. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 29th day of May, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6